37438. GARNER *v.* GLEATON.

DECIDED JANUARY 15, 1959.

812

*T. J. Long, Ben Weinberg, Jr.,* for plaintiff in error.

*Emory J. Kinard, McFarland & Cooper, Martin McFarland,* contra.

QUILLIAN, Judge. 1. Special ground 1 of the amended motion for a new trial complains that the trial judge erred in admitting in evidence a copy of Section 30-38 of the Code and General Ordinances of the City of Atlanta which provides: "30-38. The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereto at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle."

Counsel for the defendant insists that the admission of the above ordinance was error because there was no evidence that the collision occurred within the city limits of Atlanta.

On the trial T. J. Crutchfield, an Atlanta Police patrolman, testified in part: "Q. How long have you been a police patrolman of the City of Atlanta, Mr. Crutchfield? A. Almost four years. Q. And in that period of four years, has that been duties as a police patrolman for the whole four years? A. Yes. Q. Now Officer Crutchfield, I will ask you whether or not on! or about June 10, 1957 you had an occasion to investigate a col-

lision? A. Yes, sir. Q. Did you investigate it? A. Yes, sir. Q. You did. And where did this collision occur? A. In the three hundred block of Edgewood Avenue, N. E. Q. Now upon your arrival I will ask you this. Between what streets was this on Edgewood Avenue? A. At that time I was not familiar with that section of town. I have my report listed as 341 Edgewood. Q. Have you since become familiar with that section of town? A. Not good enough to tell you what block would be within. Q. Now, Crutchfield, you say it was in the three hundred block of Edgewood Avenue according to your report? A. Yes. Q. I will ask you about what time you arrived at the scene of the collision? A. Approximately 11:25 p.m. Q. And upon your arrival at the scene of the collision, can you tell this court and jury what makes of automobiles were involved in the collision? A. It was a Mercury station wagon and Pontiac sedan. Q. Now who was driving the Pontiac sedan? A. Bertram G. Brown. Q. Who was driving the Mercury station wagon? A. Calvin E. Garner. Q. There were quite a few people and automobiles at the scene when you arrived? A. Yes. Q. Whenever there is a wreck a crowd seems to gather? A. Yes. Q. It may have been cars of those people? A. It is possible, yes. Q. Are you familiar enough with that area of Atlanta to be able to tell us whether there is a very heavy traffic at 11:20 or 11:25 at night on a rainy sort of night? A. I couldn't say whether it is usual but there was an awful lot of traffic that night. Q. That is people coming to the scene? A. Yes, because we had trouble with the traffic situation."

The above evidence was sufficient to establish the fact that the collision occurred within the city limits of Atlanta and the special ground is without merit.

2. Special ground 2 of the motion for new trial is controlled by what is held in division 1 of this opinion, and is without merit.

3. Special ground 3 assigns as error the following charge: "The plaintiff alleges and contends that the defendant violated a city ordinance of Atlanta. These city ordinances are to be obeyed if they are reasonable and there has been a violation of such ordinances and this one reads: 'The driver of a vehicle overtaking another vehicle proceeding in the same direction shall

pass to the left thereof at a safe distance and shall not again drive to the right-hand side of the roadway until safely clear of the overtaken vehicle.' You would look to the evidence and determine whether or not the defendant violated this city ordinance of Atlanta. If you believe he did, then it would be your duty to go further and inquire whether or not the violation of this city ordinance, if such appears, was the proximate cause of the plaintiff's injuries and' if you believe it was, then I charge you that that would be negligence per se because it is in violation of the law itself." Counsel for the defendant insists that the above charge was error because there was no evidence adduced upon the trial which would raise the issue that the defendant's automobile overtook or was attempting to pass the automobile in which the plaintiff was riding. With this contention we cannot agree. The plaintiff testified in part that the automobile in which she was riding was moving forward on the street at the time of the collision. There was also evidence that the defendant's automobile struck the automobile in which the plaintiff was riding in the rear. Therefore, the only way the collision could have occurred was for the defendant's automobile to overtake the one in which the plaintiff was riding and the above ordinance would be applicable to the facts of the case. The special ground is without merit.

4. The evidence was sufficient to support the verdict, and the general grounds of the motion for a new trial are without merit.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*